EXHIBIT A

Electronically Filed
1/5/2024 7:38 AM
Hidalgo County District Clerks
Reviewed By: Vincente Facundo

CAUSE NUMBER C-0071-24-G

| | | |
|---|---|---|
| IRMA YOLANDA ALAMIA | * | IN THE DISTRICT COURT |
| VS | * | ____ JUDICIAL DISTRICT |
| EDINBURG CONSOLIDATED | * | |
| INDEPENDENT SCHOOL DISTRICT | * | HIDALGO COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, IRMA YOLANDA ALAMIA, (hereinafter referred to as Plaintiff), complaining of EDINBURG CONSOLIDATED INDEPENDENT SCHOOL DISTRICT (hereinafter referred to as Defendant), and for such cause of action would respectfully show unto the Court and the Jury, as follows:

I

DISCOVERY LEVEL

1.1 Discovery in this litigation is intended to be conducted under Level 2 Texas Rules of Civil Procedure 190.

II.

PARTIES

2.1 Plaintiff, Irma Yolanda Alamia, is an individual residing in Hidalgo County, Texas.

2.2 Defendant, EDINBURG CONSOLIDATED INDEPENDENT SCHOOL DISTRICT is a local government entity, Service of Process may be obtained by serving The Right Honorable Carmen Gonzalez, School Board President for Defendant at 411 N. 8th Ave., Edinburg, TX. 78539.

III.

VENUE AND JURISDICTION

3.1 Venue is proper in Hidalgo County, Texas because it is where Defendant is located and where a substantial part of the events took place, pursuant to 15.001 et seq. of the Civil Practice and Remedies Code.

IV.

Electronically Filed
1/5/2024 7:38 AM
Hidalgo County District Clerks
Reviewed By: Vincente Facundo

C-0071-24-G

## NO FEDERAL CLAIMS MADE

4.1 Plaintiff hereby gives notice that the only cause of action he intends to litigate are those concerning rights afforded to her under the Texas Constitution, the Texas Commission on Human Rights Act, the Texas Workforce Commission-Civil Rights Division, and Common Law of the Sovereign State of Texas. The plaintiff hereby affirmatively avers that she has not alleged any federal cause of action.

V.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.1 Plaintiff timely filed her perfected complaint of discrimination with the Texas Workforce Commission Division of Civil Rights on or about 05/2022, well within the 180 days required by statute.

5.2 Plaintiff waited for the required amount of time required by law for the Texas Workforce Commission Division of Civil Rights to investigate her claims. Plaintiff received the formal charge and the "Notice of the Right to File A Civil Action Letter. (See Exhibit 1).

5.3 On October 19th, 2023, Plaintiff received from the Texas Workforce Commission Civil Rights Division, formerly known as the Texas Commission on Human Rights, Plaintiff's Right to File A Civil Action letter allowing the Plaintiff to file this lawsuit within sixty days of its receipt. Plaintiff's statutory claims have been filed within sixty days of it's receipt. The sixty day period deadline is on January 11th, 2024 since weekends and holidays are not counted. Plaintiff further invokes the relation back theory as well as any and all equitable doctrines necessary to satisfy the administrative requirements set forth by law. All conditions precedent to the filing of this lawsuit and as required by law have been performed or have occurred.

Amendments to Rule 4, Texas Rule of Civil Procedure

RULE 4. COMPUTATION OF TIME

In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday. Saturdays, Sundays, and legal holidays shall not be counted for any purpose in any time period of five days or less in these rules, except that Saturdays, Sundays, and legal holidays shall be counted for purpose of the three-day periods in Rules 21 and 21a, extending other periods by three days when service is made by.

VI.

## TRCP 47 STATEMENT

6.1 Plaintiff seeks monetary relief over $75,000.00.

Electronically Filed
1/5/2024 7:38 AM
Hidalgo County District Clerks
Reviewed By: Vincente Facundo

C-0071-24-G

## VII

## FACTUAL BACKGROUND

7.1 Plaintiff was loyal, dedicated, and hardworking employee who always performed her duties for Defendant during her 47 years of employment with the district before she was forced to resign and retire. During Plaintiff's time of employment, Plaintiff started the ESL Program back in 1984 which was the $8^{th}/9^{th}$ grade campus, at the freshman campus, now South Middle School and then to Edinburg North which has been her home since in opened in 1990. It was on or about this time she was grandfathered in ESL 9th grade by her principal Mr. Roel Pena. The need was urgent and Plaintiff had previously taught with the North Side Independent School District in San Antonio. Plaintiff was earning approximately $75,000.00 dollars at the time of her separation of employment with full benefits to include insurance and retirement.

7.2 On August 12, 2021 Personnel Director Margarita Oyervides came to my school to tell me that I was not certified to teach high school, was the first secondary ESL Teacher in the District. I had been teaching high school kids for the past 30 years. She told me that I could probably finish out the year, but needed to sign a letter of resignation and date it for June 2021. They were basically forcing me to retire and pressuring me to sign this letter of resignation. I told her no and I also told her that I was grandfathered in to teach high school kids since 1984. (See Exhibit 1)

## VIII

## CAUSE OF ACTION-RETALIATION, HOSTILE WORK ENVIRONMENT (SEX) AND AGE

    A. Violations of the Texas Commission on Human Rights Act.

8.1 Plaintiff re-alleges the allegations contained in Section VII, entitled Factual Background.

8.2 Plaintiff also alleges that she was constructively forced to resign due to retaliation for opposing current incumbents on the ECISD School Board.

Section 21.051 Discrimination by Employer

An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age

1. Fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against the individual in connection with compensation or the terms, conditions, or privileges of employment or
2. Limits, segregates or classifies an employer or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of the employer, (Vernon's 2004) (emphasis added)

Section 21.055 Retaliation

Electronically Filed
1/5/2024 7:38 AM
Hidalgo County District Clerks
Reviewed By: Vincente Facundo

C-0071-24-G

An employer, labor union or employment agency commits an unlawful employment practice if the employer, labor union or employment agency retaliates or discriminates against a person who, under this Chapter:

1. Opposes discriminatory practice;
2. Makes or files a charge;
3. Files a complaint; or
4. Testifies, assists or participates in any manner an investigation, proceeding or hearing, (Vernon's 2004).
5. Plaintiff received copies of text messages that were being sent anonymously to several past and present school board members, in reference to Plaintiff's kids.
6. Political retaliation

3. *constructive discharge* an employee who resigns may satisfy the adverse employment element of a discrimination claim by proving that he or she was constructively discharged. *Brown v. Bunge Corp.*, 207 F.3d 776, 782 (5th Cir. 2000). To prove constructive discharge, a plaintiff must prove that "working conditions were so intolerable that a reasonable employee would feel compelled to resign." *Id.* In establishing whether such a resignation was reasonable, "[t]he following factors are relevant: (1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) reassignment to work under a younger supervisor; (6) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (7) offers of early retirement on terms that would make the employee worse off, whether accepted or not." *Id.*; *Barrow v. New Orleans Steamship Ass'n*, 10 F.3d 292, 297 (5th Cir.1994). By the time of *Hunt v. Rapides Healthcare System, LLC*, 277 F.3d 757, 771-772 (5th Cir. 2001), the Fifth Circuit had removed "reassignment to a younger supervisor" from the list of relevant factors (see also *Aryain v. Wal-Mart Stores Texas LP*, 534 F.3d 473, 481 (5th Cir. 2008)). "Aggravating factors used to support constructive discharge include hostile working conditions or the employer's invidious intent to create or perpetuate the intolerable conditions compelling the resignation." (*Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 342 (5th Cir. 2005)).

4. At the time of the incident complained of, plaintiff was gainfully employed. As a proximate result of the wrongful acts of the Defendant, the Plaintiff was unable to attend her occupation and thereby suffered a loss of income for which she hereby sues. As a result of the wrongful acts of the Defendant, the Plaintiff's earnings, retirement, and capacity to earn a livelihood were severely impaired. In all reasonable probability, the Plaintiff's loss of earnings and loss of earning capacity will continue long into the future, if not for the balance of the Plaintiff's natural life. Plaintiff therefore sues for any lost earnings in the form of back pay, lost wages, front pay, retirement benefits, fringe benefits, lost future earnings and/or diminished earning capacity to the extent permitted by law, due to the acts complained of above.

Electronically Filed
1/5/2024 7:38 AM
Hidalgo County District Clerks
Reviewed By: Vincente Facundo

C-0071-24-G

## PAST AND FUTURE MENTAL ANGUISH

5. As a result of the incident described above, that is made the basis of this suit, Plaintiff has suffered physical injury, sickness and/or illness as well as severe mental pain and anguish. The Plaintiff has suffered feelings of anxiety, depression, restlessness, worthlessness, embarrassment, and inferiority. The Plaintiff has further suffered ill-effects including but not limited to sleeplessness, depression, anxiety, agitation, and loss of self-esteem due to the defendants' discriminatory treatment of her and her wrongful termination. In all reasonable probability, the Plaintiff will continue to suffer such severe mental and physical pain and anguish for a long time into the future, if not for the balance of her natural life.

## ATTORNEY FEES AND COSTS

6. By reason of the allegations of this petition, Plaintiff is entitled to recover attorney's fees in a sum that is reasonable and necessary. In this connection, Plaintiff will show that she has employed the undersigned attorney to assist her in the prosecution of this action.

   Plaintiff further seeks an upward adjustment or enhancement to the lodestar amount of attorney's fees to be determined in the prosecution of this lawsuit. A reasonable attorney fee is further requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. If ultimately successful in this case, Plaintiff fully expects that the Defendant will appeal this case.

   Plaintiff seeks attorney's fees to compensate the Plaintiff for the attorney's fees she has and will incur in the prosecution of this lawsuit, both at trial and on appeal. Plaintiff further pleads for the recovery of reasonable and necessary expenses for the use of associate attorneys, paralegals and/or law clerks that assist in the prosecution of the case. As permitted, Plaintiff also seeks to re-coup all litigation expenses expended in the prosecution of this lawsuit.

Timeline

7. 1984 $8^{th}/9^{th}$ grade ESL-now known as South Middle School. Went to 9th grade campus where she taught HILD 9th grade campus is now Barrientes Middle School. In 1991 moved to open up Edinburg North High School where she taught HILD ESL to 9th graders. She taught at ENHS until she was forced to retire in 2021.

Electronically Filed
1/5/2024 7:38 AM
Hidalgo County District Clerks
Reviewed By: Vincente Facundo

C-0071-24-G

# DEMAND FOR TRIAL BY JURY

Plaintiff, by and through her attorney of record and pursuant to Rule 216 of the Texas Rules of Civil Procedure, makes and files this Demand for Trial by Jury in the above styled and numbered cause. Contemporaneously with the filing of this jury demand, Plaintiff has deposited the required jury fee ($10.00) with the District Clerk of Hidalgo County, Texas. Plaintiff requests that this case be set on the jury docket of the court for disposition in due order and as soon as practicable.

# REQUESTS FOR DISCLOSURES

Pursuant to Rule 194, Plaintiff requests that Defendant disclose within 50 days of service of this request, the information or material described in the Texas Rules of Civil Procedure 194.2.

WHEREFORE, Plaintiff, Yolanda Alamia, prays that this Honorable Court grant the following:
(1) Judgment against the Defendant, EDINBURG CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, jointly and severally, for the Plaintiff's actual damages;
(2) Mental anguish damages;
(3) Attorney's fees;
(4) Pre-judgment interest allowed by law;
(5) Interest on said judgment at the legal rate from the date of judgment;
(6) For costs of suit herein;
(7) For such other and further relief at law or in equity to which the Plaintiff may show herself justly entitled to receive.

Respectfully Submitted,

/s/Richard Alamia

619 S. 12th Ave.
Edinburg, TX. 78539
956-381-5766
956-381-5774
Richard.alamia@yahoo.com

C-0071-24-G

# Exhibit 1

# Texas Workforce Commission
## A Member of Texas Workforce Solutions

C-0071-24-G

Bryan Daniel, Chairman
Commissioner Representing the Public

Aaron Demerson
Commissioner Representing Employers

Alberto Treviño, III
Commissioner Representing Labor

Edward Serna
Executive Director

Irma Y. Alamia
c/o Richard Alamia
619 S. 12th Ave.
Edinburg, TX 78539

RE: **LETTER OF NOTICE OF RIGHT TO FILE CIVIL ACTION**

TWCCRD: IA22259                    EEOC: 31C-2022-00235
RE: Irma Y. Alamia v EDINBURG CONSOLIDATED INDEPENDENT SCHOOL DISTRICT

Dear Irma Y. Alamia:

Charging Party alleges that she been subjected to harassment and inequitable terms/conditions based on her age sex, disability and in retaliation for engaging in a protected activity. This letter certifies you have submitted a request for a Notice of Right to File Civil Action to the Texas Workforce Commission Civil Rights Division. Upon issuance the TWCCRD will immediately close this case.

The Notice of Right to File Civil Action is on page 2 of this letter and will be sent to the parties electronically at the addresses on file.

Irma Y. Alamia v EDINBURG CONSOLIDATED INDEPENDENT SCHOOL DISTRICT    Page 2 of 2
C-0071-24-G

## NOTICE OF RIGHT TO FILE CIVIL ACTION

Pursuant to Sections 21.208, 21.252 and 21.254 of the Texas Labor Code, as amended, this notice is to advise you of your right to bring a private civil action in state court in the above referenced case. **PLEASE BE ADVISED THAT YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION.** The time limit for filing suit based on a federal claim may be different.

## EEOC REVIEW NOTICE

As your charge was dual filed under Title VII of the Civil Rights Act/Age Discrimination in Employment Act/Americans with Disabilities Act, which are enforced by the U.S. Equal Employment Opportunity Commission (EEOC), you have the right to request an EEOC review of this final decision on your case. **To secure a review, you must request it in writing within fifteen (15) days from the date of the notice.** Send your request to: San Antonio EEOC, 5410 Fredericksburg Road, Suite 200, San Antonio, TX 78229.

On behalf of the Division,

*Venessa Hernandez for Bryan Snoddy*    10/19/2023

Bryan Snoddy    Date
Division Director


cc:
Kristi Godden
O'HANLON, DEMERATH & CASTILLO, P.C.
c/o EDINBURG CONSOLIDATED INDEPENDENT SCHOOL DISTRICT
808 West Avenue
Austin, TX 78701

1 E. 15th Street, Room 154 • Austin, Texas 78778-0001 • (512) 463-2642 (T) • (512) 463-2643 (F) • Relay Texas: 800-735-2989 (TDD) 800-735-2988 (Voice) • www.twc.texas.gov
Equal Opportunity Employer / Program
Auxiliary aids and services are available upon request to individuals with disabilities

TEXAS
WORKFORCE SOLUTIONS

**Electronic Record and Signature Disclosure**     C-0071-24-G     **DocuSign**

## Certificate Of Completion

Envelope Id: A468DCA814F24060B1B6FD427BAC2482  
Subject: Alamia Letter of NRTFCA 31C-2022-00235.pdf  
docSeqId:  
docType:  
Source Envelope:  
Document Pages: 2     Signatures: 1     Envelope Originator:  
Certificate Pages: 5     Initials: 0     Venessa Hernandez  
AutoNav: Enabled         101 E. 15th Street, Room 0154-B  
EnvelopeId Stamping: Enabled         Austin, TX 78778  
Time Zone: (UTC-06:00) Central Time (US & Canada)     venessa.hernandez@twc.texas.gov  
    Status: Completed  
IP Address: 64.207.219.73

### Record Tracking

Status: Original     Holder: Venessa Hernandez     Location: DocuSign  
    10/19/2023 12:59:01 PM     venessa.hernandez@twc.texas.gov  
Security Appliance Status: Connected     Pool: StateLocal  
Storage Appliance Status: Connected     Pool: Texas Workforce Commission- Production Account     Location: DocuSign

### Signer Events     Signature     Timestamp

Venessa Hernandez for Bryan Snoddy         Sent: 10/19/2023 1:02:26 PM  
venessa.hernandez@twc.texas.gov     *Venessa Hernandez for Bryan Snoddy*     Viewed: 10/19/2023 1:03:08 PM  
Administrative Assistant         Signed: 10/19/2023 1:03:13 PM  
Texas Workforce Commission  
Security Level: Email, Account Authentication (None)     Signature Adoption: Pre-selected Style  
Using IP Address: 204.65.0.20

**Electronic Record and Signature Disclosure:**  
Not Offered via DocuSign

### In Person Signer Events     Signature     Timestamp

### Editor Delivery Events     Status     Timestamp

### Agent Delivery Events     Status     Timestamp

### Intermediary Delivery Events     Status     Timestamp

### Certified Delivery Events     Status     Timestamp

Kristi Godden     **VIEWED**     Sent: 10/19/2023 1:03:15 PM  
kgodden@808west.com         Viewed: 10/20/2023 2:54:05 PM  
Security Level: Email, Account Authentication (None)     Using IP Address: 97.77.242.164

**Electronic Record and Signature Disclosure:**  
Accepted: 10/20/2023 2:54:05 PM  
ID: 6ad611c4-0e82-4223-885f-94e4b1c2feee

Richard Alamia     **VIEWED**     Sent: 10/19/2023 1:03:14 PM  
Richard.alamia@yahoo.com         Viewed: 10/19/2023 1:09:39 PM  
Richard Alamia Attorney at Law  
Security Level: Email, Account Authentication (None)     Using IP Address: 72.107.201.97

| Certified Delivery Events | Status | Timestamp |
|---|---|---|
| Electronic Record and Signature Disclosure:<br>Accepted: 10/19/2023 1:09:39 PM<br>ID: bb494643-2694-4c96-9759-02fc02e6aa8c | C-0071-24-G | |

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| Lynda Pringle<br>lynda.pringle@twc.texas.gov<br>Investigator<br>Texas Workforce Commission<br>Security Level: Email, Account Authentication (None) | COPIED | Sent: 10/19/2023 1:03:14 PM |
| Electronic Record and Signature Disclosure:<br>Not Offered via DocuSign | | |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 10/19/2023 1:02:26 PM |
| Certified Delivered | Security Checked | 10/19/2023 1:09:39 PM |
| Signing Complete | Security Checked | 10/19/2023 1:03:13 PM |
| Completed | Security Checked | 10/20/2023 2:54:05 PM |

| Payment Events | Status | Timestamps |
|---|---|---|

Electronic Record and Signature Disclosure

Electronic Record and Signature Disclosure created on: 1/31/2023 7:38:41 AM
Parties agreed to: Kristi Godden, Richard Alamia, Kristi Godden, Richard Alamia

C-0071-24-G

# ELECTRONIC RECORD AND SIGNATURE DISCLOSURE

From time to time, Carahsoft obo Texas Workforce Commission (we, us or Company) may be required by law to provide to you certain written notices or disclosures. Described below are the terms and conditions for providing to you such notices and disclosures electronically through the DocuSign system. Please read the information below carefully and thoroughly, and if you can access this information electronically to your satisfaction and agree to this Electronic Record and Signature Disclosure (ERSD), please confirm your agreement by selecting the check-box next to 'I agree to use electronic records and signatures' before clicking 'CONTINUE' within the DocuSign system.

## Getting paper copies

At any time, you may request from us a paper copy of any record provided or made available electronically to you by us. You will have the ability to download and print documents we send to you through the DocuSign system during and immediately after the signing session and, if you elect to create a DocuSign account, you may access the documents for a limited period of time (usually 30 days) after such documents are first sent to you. After such time, if you wish for us to send you paper copies of any such documents from our office to you, you will be charged a $0.00 per-page fee. You may request delivery of such paper copies from us by following the procedure described below.

## Withdrawing your consent

If you decide to receive notices and disclosures from us electronically, you may at any time change your mind and tell us that thereafter you want to receive required notices and disclosures only in paper format. How you must inform us of your decision to receive future notices and disclosure in paper format and withdraw your consent to receive notices and disclosures electronically is described below.

## Consequences of changing your mind

If you elect to receive required notices and disclosures only in paper format, it will slow the speed at which we can complete certain steps in transactions with you and delivering services to you because we will need first to send the required notices or disclosures to you in paper format, and then wait until we receive back from you your acknowledgment of your receipt of such paper notices or disclosures. Further, you will no longer be able to use the DocuSign system to receive required notices and consents electronically from us or to sign electronically documents from us.

**All notices and disclosures will be sent to you electronically**

C-0071-24-G

Unless you tell us otherwise in accordance with the procedures described herein, we will provide electronically to you through the DocuSign system all required notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you during the course of our relationship with you. To reduce the chance of you inadvertently not receiving any notice or disclosure, we prefer to provide all of the required notices and disclosures to you by the same method and to the same address that you have given us. Thus, you can receive all the disclosures and notices electronically or in paper format through the paper mail delivery system. If you do not agree with this process, please let us know as described below. Please also see the paragraph immediately above that describes the consequences of your electing not to receive delivery of the notices and disclosures electronically from us.

**How to contact Carahsoft obo Texas Workforce Commission:**

You may contact us to let us know of your changes as to how we may contact you electronically, to request paper copies of certain information from us, and to withdraw your prior consent to receive notices and disclosures electronically as follows:

**To advise Carahsoft obo Texas Workforce Commission of your new email address**

To let us know of a change in your email address where we should send notices and disclosures electronically to you, you must send an email message to us at  and in the body of such request you must state: your previous email address, your new email address. We do not require any other information from you to change your email address.

If you created a DocuSign account, you may update it with your new email address through your account preferences.

**To request paper copies from Carahsoft obo Texas Workforce Commission**

To request delivery from us of paper copies of the notices and disclosures previously provided by us to you electronically, you must send us an email to  and in the body of such request you must state your email address, full name, mailing address, and telephone number. We will bill you for any fees at that time, if any.

**To withdraw your consent with Carahsoft obo Texas Workforce Commission**

To inform us that you no longer wish to receive future notices and disclosures in electronic format you may:

i. decline to sign a document from within your signing session, and on the subsequent page, select the check-box indicating you wish to withdraw your consent, or you may;

C-0071-24-G

ii. send us an email to heather.hall@twc.state.tx.us and in the body of such request you must state your email, full name, mailing address, and telephone number. We do not need any other information from you to withdraw consent.. The consequences of your withdrawing consent for online documents will be that transactions may take a longer time to process..

**Required hardware and software**

The minimum system requirements for using the DocuSign system may change over time. The current system requirements are found here: https://support.docusign.com/guides/signer-guide-signing-system-requirements.

**Acknowledging your access and consent to receive and sign documents electronically**

To confirm to us that you can access this information electronically, which will be similar to other electronic notices and disclosures that we will provide to you, please confirm that you have read this ERSD, and (i) that you are able to print on paper or electronically save this ERSD for your future reference and access; or (ii) that you are able to email this ERSD to an email address where you will be able to print on paper or save it for your future reference and access. Further, if you consent to receiving notices and disclosures exclusively in electronic format as described herein, then select the check-box next to 'I agree to use electronic records and signatures' before clicking 'CONTINUE' within the DocuSign system.

By selecting the check-box next to 'I agree to use electronic records and signatures', you confirm that:

- You can access and read this Electronic Record and Signature Disclosure; and
- You can print on paper this Electronic Record and Signature Disclosure, or save or send this Electronic Record and Disclosure to a location where you can print it, for future reference and access; and
- Until or unless you notify Carahsoft obo Texas Workforce Commission as described above, you consent to receive exclusively through electronic means all notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you by Carahsoft obo Texas Workforce Commission during the course of your relationship with Carahsoft obo Texas Workforce Commission.



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Antonio Field Office

5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
San Antonio Status Line: (866) 408-8075
San Antonio Direct Dial: (210) 281-2550

November 03, 2023

*Via Email*

Irma Y. Alamia
c/o Richard Alamia
Attorney at Law
619 S. 12th Ave.
Edinburg, TX 78539

RE: EEOC Charge No.: 31C-2022-00235
Charging Party: Irma Y Alamia
Respondent: Edinburg Consolidated Independent School District

Dear Irma Alamia,

This is in response to your correspondence received on October 30, 2023, concerning your request that the U.S. Equal Employment Opportunity Commission (EEOC) reconsider the final decision of the Texas Workforce Commission Civil Rights Division (TWCCRD) on your charge of employment discrimination dual-filed with the TWCCRD and the EEOC against the Respondent.

Even though you submitted a timely request for reconsideration, the EEOC has denied it because the records indicate that the right to sue was granted by the TWCCRD upon your request. As a result, there is no decision for the EEOC to review.

While we fully understand that the parties to a charge often have very firm views that the available evidence supports their respective positions. Our final determinations must comport with our interpretation of the available evidence and use of our resources. To ensure that the EEOC's limited resources are used in the most efficient manner possible to eliminate employment discrimination, the EEOC's staff carefully evaluates each charge and based on the information received makes a determination.

The Dismissal and Notice of Right to Sue will be issued by the Department of Justice (DOJ). The final dismissal notice you will receive describes your rights to pursue the matter in court by filing a lawsuit within 90 days of receiving the Dismissal and Notice of Rights. This 90-day period for filing a private lawsuit cannot be waived, extended, or restored by the EEOC or the DOJ.

On behalf of the Commission:

For   Hector Colon-Padro   Digitally signed by Hector Colon-Padro
                            Date: 2023.11.03 16:08:03 -05'00'

Norma J. Guzman
Field Director